IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00722-WDM-MJW

SONYA DIAS, et al.,

Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER, COLORADO, et al.,

Defendant(s).

---

**RECOMMENDATION ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND
COMPLAINT OUT OF TIME (Docket No. 37)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This matter is before this court pursuant to an Order of Reference to Magistrate

Judge issued by Judge Walker D. Miller on April 10, 2007 (Docket No. 2).

On June 18, 2007, defendants filed a motion to dismiss.  (Docket No. 16).  Two

days later, the parties submitted a proposed scheduling order.  (Docket No. 17).  In that

proposed order, one of the deadlines proposed by the parties was an August 10, 2007,

deadline for joinder of parties and amendment of pleadings.  On June 27, 2007, this

court conducted a Rule 16 Scheduling/Planning Conference during which this court,

*inter alia*, agreed to that August 10, 2007, deadline for joinder or parties and

amendment of pleadings.  (Docket No. 20 at 8).

2

Thereafter, plaintiffs' motion for additional time to file a response to the motion to dismiss (Docket No. 22)  was granted, and plaintiffs were thus given until July 27, 2007, to file such response.  (Docket No. 25).  Plaintiffs filed their response on July 27, 2007 (Docket No. 25), but it was stricken by Judge Miller in an Order filed on August 2, 2007, as excessive in length.  (Docket No. 27).  Plaintiffs were given until August 15, 2007, to file a revised brief.  (Docket No. 27).  Plaintiffs filed that amended response on that deadline. (Docket No. 28).

Two weeks later, on August 30, 2007, this court conducted a status conference during which plaintiffs' counsel made an oral motion for an extension of time to amend the complaint, to which defense counsel objected.  (Docket No. 31).  Plaintiffs' counsel was directed to file a written motion requesting the extension.  (Docket No. 31). Plaintiffs, however, did not do so until one month later on October 1, 2007 (Docket No. 37).  That motion is now before the court.  Defendants have filed opposition to the motion.  (Docket No. 44).  The court has considered the motions papers, the court file, and applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings, conclusions of law, and recommendation that the motion be denied.

Plaintiffs' motion is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required.  Once a scheduling order's deadline for amendment has passed, a movant must

first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .

Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted). The second step is consideration of whether the plaintiffs have satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted).[1]

Here, plaintiffs claim that they meet both standards. With regard to the first, plaintiffs state:

Consistent with Rule 16(b)'s good cause standard, Plaintiffs' failure to

---

[1]It is not settled whether plaintiffs would have to show the second standard under the circumstances presented here (defendants have moved to dismiss and have not filed an answer). Nevertheless, this issue need not be resolved because plaintiffs have not met the first standard.

4

> heed the August 10, 2007 deadline was necessitated by unanticipated
> circumstances.  Plaintiffs' 27-page reply [response] to the motion to
> dismiss was filed on July 27, 2007.  It was stricken as verbose on
> August 2, 2007.  Leave to revise was granted until August 15, 2007, the
> date on which Plaintiffs submitted a revised brief.  In June, when
> Plaintiffs assented to the August 10, 2007 deadline for amending
> pleadings, Plaintiffs did not anticipate the need to make significant
> revisions to their reply [response] brief within the same timeframe.
> Plaintiffs also did not anticipate the need to investigate potential claims
> and additional parties who have come to their attention in the last
> couple of months.  In the month [sic] since the scheduling conference,
> Plaintiffs have also been contending with the convergence of two other
> major scheduling order deadlines: an October 1, 2007 deadline for
> expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B) and an
> October 1, 2007 deadline for moving for class certification, both of
> which Plaintiffs are prepared to meet.  For the foregoing reasons,
> Plaintiffs meet the "good cause" standard under Rule 16(b).

(Docket No. 37 at 3-4).  This court does not agree with plaintiffs that their failure to

meet the August 10, 2007, deadline was necessitated by "unanticipated

circumstances."  In essence, plaintiffs did not meet the deadlines due to press of

other business in this case, which is insufficient to constitute good cause to amend

the scheduling order.  See Dixon v. U.S. Postal Serv., 2007 WL 2126307 (D. Colo.

July 19, 2007).

Defendants' motion to dismiss was filed before the parties submitted their

proposed scheduling order, which proposed the August 10, 2007, deadline.

Therefore, plaintiffs were well aware of the need to file a response to the motion

when the scheduling deadlines were proposed and set.  They should have factored

that requirement into their proposed deadlines and into scheduling and budgeting

their time.  Plaintiffs were given an additional nineteen days to file their response to

the motion to dismiss, based upon their counsel's obligations in numerous other

cases.  (See Docket Nos. 22 and 23).  Their response was filed on July 27, 2007 (Docket No. 26), which was two weeks before the deadline for amendment of pleadings.

The mere fact that their response to the defendants' motion to dismiss was stricken by an Order[2] filed almost one week later and eight days before the August 10 deadline does not constitute good cause under Rule 16(b).  Counsel did not have to wait until the deadline to file an amended pleading or seek modification of the scheduling order.  Furthermore, the court has reviewed the two briefs and finds that the revisions should not have consumed so much of counsel's time that he would have been precluded from filing an Amended Complaint or seeking an extension of time from this court on or before the August 10 deadline.

Plaintiffs were also well aware of the other deadlines set during the Rule 16 conference, such as the deadlines for expert disclosure and moving for class certification.  The existence of these deadlines, which were set in June 2007, are thus also not unanticipated circumstances warranting an untimely amendment of the

---

[2]Plaintiffs' response to the motion to dismiss was stricken six days after it was filed based upon Judge Miller's Pretrial and Trial Procedures, specifically 6.2.  While that rule limits the length of briefs filed with regard to motions for summary judgment, application of such guidelines to motions to dismiss should not be so unanticipated that it prevents counsel from timely amending the Complaint or seeking an extension of time to move to amend the pleadings.  Counsel should be very well aware of the procedures of the trial judge.  In fact, in the Order of Reference to Magistrate Judge (Docket No. 2) issued on April 10, 2007, Judge Miller directed the parties to his Pretrial and Trial Procedures, noting that they were available in the Clerk's Office or on the court's website.  Judge Miller specifically advised the parties that "[t]he govern all proceedings in my court and indicate what my expectations are."  (Docket No. 2 at 2).

6

scheduling order.

In addition, while plaintiffs make a general claim that they also did not anticipate the need to investigate potential claims and additional parties which or who have come to their attention in the last couple of months, they have not even mentioned any circumstances surrounding discovery of new legal theories or parties which would show that they sought the current amendments in a diligent manner. For example, plaintiffs have made no showing that it was not until after the August 10, 2007, deadline that they first became aware of facts on which the proposed amendments are based.

Finally, as noted above, during the status conference before this court on August 30, 2007, plaintiffs' counsel made an oral motion for an extension of time to amend the Complaint, and he was directed to file a written motion requesting the extension.  (Docket No. 31).  Plaintiffs, however, did not do so until one month later on October 1, 2007 (Docket No. 37).  Such delay is further evidence of lack of diligence by plaintiffs.

In sum, based upon the information presented, the court finds that plaintiffs have not shown the scheduling deadline could not have been met despite their diligent efforts.  Based on this finding, it is unnecessary to address the second step of the analysis used in deciding whether to allow the amendments.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Plaintiffs' Motion for Leave to Amend Complaint Out of Time (Docket No. 37) be denied.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the
parties have ten (10) days after service of this recommendation to serve and file
written, specific objections to the above recommendation with the District Judge
assigned to the case.  The District Judge need not consider frivolous, conclusive,
or general objections.  A party's failure to file and serve such written, specific
objections waives *de novo* review of the recommendation by the District Judge,
Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives
appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of
Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411,
1412-13 (10th Cir. 1996).**

Date:  November 2, 2007                    s/ Michael J. Watanabe
       Denver, Colorado                    Michael J. Watanabe
                                           United States Magistrate Judge