IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-00722-WDM-MJW

SONYA DIAS, et al.,

　　Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER, COLORADO, et al.,

　　Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Michael J. Watanabe, issued November 2, 2007 (Docket No. 46), that Plaintiffs' Motion to Amend Complaint Out of Time (Docket No. 37) be denied. Having reviewed the pertinent portions of the record in this case, I find that the recommendation should be accepted for the following reasons.

### Background

This is a case about a Denver City Ordinance pertaining to pit bulls. In essence, in May 2005, Denver re-instituted a law banning pit bull ownership within the city limits. The ordinance covers American Staffordshire Terriers, American Pit Bull Terriers, Staffordshire Bull Terriers, and any animal displaying fifty-one percent or more of the traits of one of the listed dogs. In the present case, Plaintiffs are challenging the

ordinance on constitutionality grounds including procedural due process, substantive due process, equal protection, and vagueness.

The complaint was originally filed on April 6, 2007. Rather than answering the complaint, Defendants filed a motion to dismiss on June 18, 2007. Subsequently, at a June 27, 2007 scheduling conference, Magistrate Judge Watanabe set August 10, 2007 as the deadline for joinder of parties and amendments to the pleadings. One month later, on July 27, 2007, Plaintiffs filed a twenty-seven page response to Defendants' motion to dismiss. However, I struck this response as excessive in length pursuant to D.C.Colo.LCivR 7.1H.[1] Plaintiffs filed a timely revised brief on August 15, 2007 and Defendants filed a reply on August 30, 2007. At a status conference before Magistrate Judge Watanabe on August 30, 2007—twenty days past the scheduling order deadline for amending complaints—Plaintiffs made an oral motion for an extension of time to amend the complaint. Magistrate Judge Watanabe directed Plaintiffs to file a written motion requesting an extension of time. Plaintiffs did not do so until October 1, 2007—one month later.

Plaintiffs seek to amend the complaint to add additional named plaintiffs. In their motion to amend, Plaintiffs state that their failure to comply with the August 10, 2007 deadline was "necessitated by unanticipated circumstances." (Mtn. at 3.) In particular, Plaintiffs contend that they were unable to meet the deadline because they had to revise and re-file their response brief and "investigate potential claims and additional

---

[1] The Minute Order striking Plaintiff's response brief also noted that my PreTrial and Trial Procedures limit summary judgment briefs to twenty pages. However, the brief was struck pursuant to D.C.COLO.LCivR 7.1H.

parties who [came] to their attention in the last couple of months." *Id.* at 4. Plaintiffs also contend that the deadline coincided with other deadlines in the case making it difficult for them to meet the deadline.

Magistrate Judge Watanabe concluded that Plaintiffs' failure to meet the scheduling deadline was not "necessitated by 'unanticipated' circumstances'" and recommended that Plaintiffs' motion be denied for failure to demonstrate an adequate reason for the delay. (Rec. at 4.) He found that Plaintiffs missed the deadline merely due to the "press of other business in this case, which is insufficient to constitute good cause to amend the scheduling order." *Id.* In particular, Magistrate Judge Watanabe found that Plaintiffs should not have been surprised when their twenty-seven brief was stricken and they had to make revisions, the revisions made to the brief were not so substantial so as to account for a failure to meet other deadlines, Plaintiffs did not have to wait until the deadline to amend the scheduling order or complaint, and Plaintiffs did not present any argument beyond conclusory statements regarding other potential claims and parties requiring Plaintiffs' attention. Furthermore, Magistrate Judge Watanabe noted that Plaintiffs were not diligent in pursuing their motion for leave to amend as they had orally moved for such leave on August 30, 2007 but did not file their written motion as ordered by the court until October 1, 2007.

## Standard of Review

Plaintiffs filed a timely objection to Magistrate Judge Watanabe's recommendation (Docket No. 48) and would generally be entitled to *de novo* review. 28 U.S.C. § 636(b); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). However,

because the recommendation concerns a non-dispositive motion,[2] I must review the recommendation under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988) (citing 28 U.S.C. § 636(b)(1)(A)). "The clearly erroneous standard . . . requires that the reviewing court affirm unless it[,] 'on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp*, 847 F.2d at 1464 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Under the 'contrary to law standard', the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate's order only if it applied an incorrect legal standard." *Jensen v. Solvay Chems., Inc.*, 2007 U.S. Dist. LEXIS 77702, at *5–6 (D. Wyo. Oct. 18, 2007) (unpublished) (citing *Wyoming v. U.S. Dep't of Agric.*, 239 F.Supp.2d 1219, 1236 (D. Wyo. 2002)); *Hawaii v. Abbott*

---

[2] Motions to amend are widely considered non-dispositive motions because they are "'pretrial matter[s] not dispositive of a claim or defense of a party' within the purview of Fed. R. Civ. P. 72(a)." *E.g., Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993) (citing *Walker v. Union Carbide Corp.*, 630 F. Supp. 275, 277 (D. Me. 1986) and 28 U.S.C. § 636(b)(1)(A)); *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006); *Micale v. Bank One N.A.*, 2006 U.S. Dist. LEXIS 28220, at *9 (D. Colo. May 5, 2006) (unpublished); *Sprint Commc'ns L.P. v. Vonage Holdings Corp.*, 500 F.Supp.2d 1290, 1346 (D. Kan. 2007); *Vandewalker v. Quandt's Food Serv. Distribs., Inc.*, 934 F.Supp. 42, 48 (N.D. N.Y. 1996) ("Orders granting leave to amend are nondispositive, as they do not remove claims or defenses of a party." (citing Fed. R. Civ. P. 72)). *But see Fuller v. Mickelson*, 2007 U.S. Dist. LEXIS 80530, at *4 (D. Colo. Oct. 31, 2007) (unpublished) (holding that a motion to amend to add a claim for exemplary damages is dispositive because it "precludes the filing of a claim for damages").

*Labs., Inc.*, 469 F.Supp.2d 842, 846 (D. Haw. Nov. 30, 2006) ("A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." (citing *Conant v. McCaffrey*, 1998 U.S. Dist. LEXIS 22837, at *2 (N.D. Cal. Mar. 16, 1998))).

## Discussion

Plaintiffs' objection centers on the analytical framework that Magistrate Judge Watanabe used in his recommendation. Magistrate Judge Watanabe analyzed Plaintiffs motion under the framework articulated in *Pumpco, Inc. v. Schenker Int'l, Inc.* because Plaintiffs did not move for leave to amend until after the scheduling deadline for amendment. 204 F.R.D. 667, 668 (D. Colo. 2001). Under this analysis, a movant must "first demonstrate to the court that it has 'good cause' for seeking modification of the scheduling deadline under [Fed. R. Civ. P.] 16(b)."[3] *Id.* (quoting *Colo. Visionary Acad.*, 194 F.R.D. at 687) (internal quotations omitted). If the movant meets the Rule 16(b) burden, then the court must consider if the movant has satisfied the standard for amendment required under Fed. R. Civ. P. 15(a).[4] *Id.*   Plaintiffs contend that the

---

[3] "Good cause" under Rule 16(b) focuses on the diligence of the party making the motion and generally "means that scheduling deadlines cannot be met despite a party's diligent efforts." *Pumpco, Inc.*, 204 F.R.D. at 668 (quoting *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)) (internal quotations omitted). However, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (quoting *Colo. Visionary Acad.*, 194 F.R.D. at 687) (internal quotations omitted).

[4] Rule 15(a) states that leave to amend 'shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Denial of leave to amend is generally only "justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or

less strict standard set forth in *Minter v. Prime Equip. Co.*, rather than the two-step analysis employed by Magistrate Judge Watanabe, is applicable in this case. 451 F.3d 1196, 1205–06 (10th Cir. 2006). The *Minter* court declined to "decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements. *Id.* at 1205 n.4 (declining to decide the issue but noting that other circuits required a showing under both Rule 16(b) and 15(a)). The court, however, noted "the rough similarity between the 'good cause' standard of Rule 16(b) and [the] 'undue delay' analysis under Rule 15." *Id.* The Tenth Circuit "focuses primarily on the reasons for delay" when determining if amendment would cause "undue delay," which brings the analysis more closely in line with the "good cause" analysis under Rule 16(b). *Id.* at 1205–06. Indeed, "denial of leave to amend is appropriate [under Rule 15(a)] 'when the party filing the motion has no adequate explanation for the delay.'"[5] *Id.* (quoting *Frank*, 3 F.3d at 1365–66).

In this case, Plaintiffs argue that Magistrate Judge Watanabe's recommendation failed to apply the correct standard to their motion for leave to amend and, therefore,

---

futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inv. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

[5] Courts will also "properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a 'moving target'," is attempting to salvage a lost case by adding new claims, is trying to avoid a motion to dismiss by adding new claims, or is knowingly raising issues on the eve of trial. *Minter*, 451 F.3d at 1205–06 (citations and internal quotations omitted).

did not consider whether Plaintiffs have demonstrated excusable neglect which would be acceptable under the standard for Rule 15(a). *See Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987); *Walters v. Monarch Life Ins. Co.*, 57 F.3d 899, 903 (10th Cir. 1995). I disagree because using the two-step analysis was not contrary to law. *Minter* expressly declined to decide whether the party moving for amendment must show both "good cause" under Rule 16(b) and justifiable amendment under Rule 15(a). 451 F.3d at 1205 n.4. Therefore, *Minter* does not stand for the proposition that a moving party must only meet the requirements of Rule 15(a); rather, there is no controlling Tenth Circuit law either way. *See id.* (noting that the Tenth Circuit has not adopted a "good cause" standard "in the context of an amendment to the complaint"). However, there are a fair number of district court cases applying the two-step analysis utilized by Magistrate Judge Watanabe. *See, e.g., Pumpco, Inc.*, 204 F.R.D. at 668; *Colo. Visionary Acad.*, 194 F.R.D. at 687; *Britton v. Car Toys, Inc.*, 2006 U.S. Dist. LEXIS 49935, at *6 (D. Colo. Jun. 16, 2006) (unpublished); *Muniz v. Kmart Corp.*, 2007 WL 1964069, at *5 (D. Colo. July 2, 2007) (unpublished) (adopting a recommendation of a magistrate judge which used the two-step analysis). Because there is case law applying the two-step analysis and the Tenth Circuit has noted that the standards are "roughly similar", I cannot say that Magistrate Judge Watanabe applied an incorrect legal standard. Therefore, his employment of the two-step analysis was not contrary to law.

Furthermore, I do not believe that Magistrate Judge Watanabe's determination that Plaintiffs failed to demonstrate an adequate reason for delay was clearly

erroneous. Magistrate Judge Watanabe found that Plaintiffs' articulated reasons for the delay amount to essentially an allegation that meeting the deadline was not possible because of the "press of other business in this case." He also found that Plaintiffs did not pursue their motion to amend diligently.[6] After reviewing the evidence and Magistrate Judge Watanabe's reasoning, I am not "left with [a] definite and firm conviction that a mistake has been made." *Ocelot Oil Corp.*, 847 F.2d at 1464 (quoting *U.S. Gypsum Co.*, 333 U.S. at 395). Therefore, the recommendation will be accepted.

Accordingly, it is ordered:

1. The recommendation issued by Magistrate Judge Watanabe on November 2, 2007 (Docket No. 46), is accepted as discussed above.

2. Plaintiffs' Motion for Leave to Amend, filed October 1, 2007 (Docket No. 37), is denied.

DATED at Denver, Colorado, on December 7, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

---

[6] Plaintiffs state that Magistrate Judge Watanabe did not set a deadline for filing such a written motion and, therefore, the delay in filing a written motion is not evidence of a lack of diligence. I disagree. Regardless of a deadline set by Magistrate Judge Watanabe, Plaintiffs should have filed the written motion in a more timely fashion. Plaintiffs were already late in moving the court for an extension of time and should have pursued their motion in a timely manner.